UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| STEVEN GERHARDSON, RON HANEK, MIKE JOHNSON, and JIM COSTELLO,<br><br>Plaintiffs,<br><br>v.<br><br>GOPHER NEWS COMPANY; CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and LOCAL NO. 638 OF THE MISCELLANEOUS DRIVERS, HELPER & WAREHOUSEMEN'S UNION,<br><br>Defendants. | Civil No. 08-537 (JRT/JJG)<br><br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND'S MOTION FOR SUMMARY JUDGMENT** |

Jordan M. Lewis, **SIEGEL BRILL GREUPNER DUFFY & FOSTER, P.A.,** 1300 Washington Square, 100 Washington Avenue South, Minneapolis, MN 55401; and Johanna J. Raimond, **LAW OFFICES OF JOHANNA J. RAIMOND, LTD.**, 321 South Plymouth Court, Suite 1515, Chicago, IL 60604, for plaintiffs.

James D. Kremer, **DORSEY AND WHITNEY, LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498, for defendant Gopher News Company.

Daniel M. White, **ROBINS KAPLAN MILLER AND CIRESI, LLP**, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402-2015; and Albert M. Madden, **CENTRAL STATES, SOUTHEAST & SOUTHWEST AREAS PENSION AND HEALTH AND WELFARE FUNDS**, 9377 West Higgins Road, Rosemont, IL 60018-4938, for defendant Central States, Southeast and Southwest Areas Pension Fund.

Roger A. Jensen, **JENSEN BELL CONVERSE & ERICKSON, P.A.**, 30 East Seventh Street, Suite 1500, St. Paul, MN 55101, for defendant Local No. 638 of the Miscellaneous Drivers, Helper & Warehousemen's Union.

Defendant Central States, Southeast and Southwest Areas Pension Fund's ("Central States") have filed a motion for summary judgment on Count I of plaintiffs Steven Gerhardson, Ron Hanek, Mike Johnson, and Jim Costello's (collectively, "plaintiffs") complaint, which alleges that Central States breached its fiduciary duty to plaintiffs. For the reasons set forth below, Central States' motion is denied without prejudice.

## BACKGROUND

Plaintiffs are employed by defendant Gopher News Company ("Gopher News") as delivery drivers, and are the most senior employees at Gopher News. Gopher News is a periodicals distribution company and a participant in a pension fund managed by defendant Central States. The Central States pension fund (the "Fund") is a multiemployer pension plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Act of 1980 ("MPPAA"). 29 U.S.C. §§ 1301 *et seq*. Plaintiffs, by way of collective bargaining agreements negotiated between co-defendants Teamsters Local 638 and Gopher News, are beneficiaries of the Central States pension plan.

Plaintiffs allege that in November 2006, Central States determined that Gopher News was violating the "adverse selection" rule outlined in the trust agreement governing Gopher News's participation in the Fund. The adverse selection rule prohibits an employer from entering into a collective bargaining agreement in which only some employees participate in the Fund. Central States concluded on November 29, 2006, that Gopher News "warehouse driver" employees were participating in a Gopher News-

sponsored 401(k) retirement plan in violation of the adverse selection rule. That is, Gopher News drivers were not unanimously contributing to the Fund, and some employee-paid retirement contributions were made to a separate employer-sponsored 401(k). Central States consequently terminated Gopher News's participation in the Fund. As a result of the termination, plaintiffs are unable to continue accruing seniority with the Fund up to the thirty-years-of-service threshold, which was within reach for plaintiffs. At that seniority mark, plaintiffs would have qualified for retirement-benefit enhancements aggregating approximately $2 million. At this stage of the litigation, plaintiffs' lone option to reclaim the opportunity to achieve the thirty-year mark is to quit their jobs at Gopher News and seek employment with another employer that participates in the Fund.

Plaintiffs bring four causes of action against defendants. This motion for summary judgment concerns only Count I against Central States, which alleges that Central States breached its fiduciary duty to plaintiffs by terminating Gopher News's participation in the Fund. (Docket No. 54, Amend. Comp., ¶¶ 25-30.) Plaintiffs allege that Central States could have pursued alternatives to termination on disclosure of the adverse selection violation, including permitting plaintiffs to make self-contributions to the Fund or seeking redress against Gopher News for unpaid contributions. Central States' failure to do so, plaintiffs allege, constituted a breach of fiduciary duty to plaintiffs. Plaintiffs now seek "a full restoration of the *status quo*" before Central States' termination [of Gopher News's participation in the Fund], thus permitting them to continue to accrue benefits while they continue to work at Gopher News." (*Id.* ¶ 30.)

## DISCUSSION

### I.  SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### II.  STANDARD OF REVIEW OF CENTRAL STATES' TRUSTEES' ACTS

Plaintiffs allege that Central States breached a fiduciary duty to them by "choosing to sue Gopher News for [] unpaid contributions while . . . bann[ing] plaintiffs from further benefit accrual."  (Docket No. 54, Am. Compl. ¶ 29.)  ERISA makes clear that a fiduciary has a duty of loyalty to "discharge their duties with respect to a plan 'solely in the interest of the participants and beneficiaries.'"  *Pegram v. Herdich*, 530 U.S. 211, 223–24 (2000) (quoting 29 U.S.C. § 1104(a)(1)).  "These fiduciary standards 'must be enforced with uncompromising rigidity.'"  *NLRB v. Amax Coal Co.*, 453 U.S. 322, 329 (1981) (quoting *Meinhard v. Salmon*, 249 N.E. 458 (N.Y. 1928)).

Plaintiffs bring this claim under 29 U.S.C. § 1132(a)(3), which provides that "[a] civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin

any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." To be liable under § 1132(a)(3), Central States trustees must have been acting as fiduciaries when they took the action upon which the complaint was made. *Pegram*, 530 U.S. at 226. "A person is a fiduciary with respect to a plan to the extent . . . he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A); *Dasler v. E.F. Hutton & Co., Inc.*, 694 F. Supp. 624, 631 (D. Minn. 1988). Here, Central States does not dispute that its trustees were acting as fiduciaries with respect to the alleged breaching act or acts.

### A.   The Appropriate Standard of Review

The parties argue in favor of two different standards of review of Central States' actions. Central States urges the Court to review its trustees' decisions under an "arbitrary and capricious" standard: "As a general rule federal courts should refrain from interfering with the administration of a pension plan unless its trustee or administrator has acted in an arbitrary or capricious manner." *Building Trades Employers Ass'n v. N.Y. State Teamsters Conference Pension Ret. Fund*, 761 F.2d 115, 117 (2d Cir. 1985); *see also Cent. Hardware Co. v. Cent. States, Se. Sw. Areas Pension Fund*, 770 F.2d 106, 109 (8th Cir. 1985). "Accordingly, so long as trustees act solely in the proper interests of the Fund and its participant-employees . . . , courts should refrain from faulting their actions." *Id.* (citing *N.L.R.B. v. Amax Coal Co.*, 453 U.S. 322, 337 (1981)). This

standard is extremely deferential. *Cox v. Mid-America Dairymen, Inc.*, 965 F.2d 569, 572 (8th Cir. 1992) (stating that a trustee's action is arbitrary and capricious if "the action of the trustee [is] extraordinarily imprudent or extremely unreasonable").

Central States also argues that the arbitrary and capricious standard applies because plaintiffs are merely "repackaging an ERISA benefit denial claim [under § 1132(a)(1)(B)] as a fiduciary breach claim [under § 1132(a)(3)]." (Docket No. 32 at 4.) The practical consequence of this characterization is that the Court would undisputedly apply the arbitrary-and-capricious standard of review to Central States' actions. *Lickteig v. Bus. Men's Assurance Co.*, 61 F.3d 579, 583 (8th Cir. 1995). For the reasons given below, however, the Court views plaintiffs' claim as a claim for breach of fiduciary duty.

Central States cites to *Wilkins v. Baptist Healthcenter, Inc.*, for the proposition that plaintiffs "cannot repackage their claim as a fiduciary breach claim." (Docket No. 32 at 4.) In *Wilkins*, a plaintiff brought suit against his former employer's ERISA plan administrator after the administrator denied the plaintiff's claim for disability benefits. 150 F.3d 609, 611 (8th Cir. 1998). The plaintiff sought compensatory damages under 29 U.S.C. § 1132(a)(3), alleging that the administrator breached its fiduciary duty to plaintiff by "failing to act solely in Wilkins's interest 'for the exclusive purpose of providing benefits to him.'" *Id.* at 615. The *Wilkins* court noted that the United States Supreme Court had held that § 1132(a)(3) fiduciary breach claims were limited to beneficiaries who may not avail themselves of § 1132's other remedies. *Id.* (citing *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996)). The court concluded that the plaintiff had simply

"characterized" his claim as a fiduciary breach claim, when it was clear that the basis of his cause of action was the denial of benefits by the plan administrator.

The instant case is distinguishable from *Wilkins*. Plaintiffs do not challenge any direct denial of benefits by Central States. Instead, plaintiffs challenge an act by Central States trustees with respect to Gopher News's participation in the Fund. That decision affected plaintiffs by ending their ascension to the thirty-year benefits mark. Thus, plaintiffs do not argue that they should be eligible for those benefits, but instead argue that Central States' termination of Gopher News violated their fiduciary duty to plaintiffs to discharge their duties solely in the interest of the plan participants and beneficiaries. Although that alleged breach indirectly alters plaintiffs' eventual claim for benefits, no claim of right to those benefits has been alleged by plaintiffs.[1] Accordingly, the Court views plaintiffs' claim as an allegation of breach of fiduciary duty.

By contrast, plaintiffs contend that the appropriate standard of review requires the Central States trustees to act with "not honesty alone, but the punctilio of an honor the most sensitive." (Docket No. 29, at 4 (citing *Pegram*, 530 U.S. at 225 (quoting *Meinhard*, 164 N.E. at 464)).) Plaintiffs do not further explain their proposed application of this standard of review.

---

[1] Central States cites three other cases with "benefit denial claims like the one asserted by [plaintiffs]." (Docket No. 32 at 4, citing *Licksteig v. Bus. Men's Assurance Co.*, 61 F.3d 579 (8th Cir. 1995); *Collins v. Cent. States Pension Fund*, 18 F.3d 556 (8th Cir. 1994); and *Oldenberger v. Cent. States Pension Fund*, 934 F.2d 171 (8th Cir. 1991).) These cases, like *Wilkins*, are dissimilar to the instant case because each involves a specific claim to *actual* benefits, as opposed to a claim to the accrual of seniority that establishes the level of later benefits.

Regardless, the Court is unable to ultimately determine the appropriate standard of review because a different standard of review may apply depending on how the breaching act is defined. The parties, however, have failed to precisely define Central States' breaching act, as set forth below.[2]

### B.   The Parties Fail to Identify the Breaching Act

The parties have presented multiple variations of Central States' alleged breaching act. Although this ambiguity may ultimately be inconsequential to determining the appropriate standard of review in this case, the Court cannot apply a standard of review without a concrete understanding of the alleged breaching act. At varying times, plaintiffs have defined Central States' breaching act as:

- "Central States had other options available to it upon discovery of Gopher News's violation of the adverse selection policy. These options included permitting plaintiffs to continue with the pension plan while, at the same time, seeking legal redress against Gopher State for the claimed unpaid contributions. Such an approach would have permitted Central States to protect both its own interests and those of the affected plan participants. Instead, Central States chose to sue Gopher News for the unpaid contributions while—at the same time—it banned plaintiffs

---

[2] The parties generally dispute the characterization of the breaching act and the consequential standard of review. The parties, however, at least appear to agree that if the act is characterized narrowly as Central States' decision to terminate Gopher News's participation in the Fund, the arbitrary and capricious standard should apply. *See Cent. Hardware*, 770 F.2d at 110 ("Having determined that the trustees had the authority to refuse the payments tendered by CH in order to protect the fund, we must determine whether their actions in doing so were 'arbitrary, capricious, or an abuse of discretion.'"); (*see also* Docket No. 25 at 16; Docket No. 29 at 3-4; Docket No. 32 at 3.).

from further benefit accrual." (Docket No. 1, Complaint, ¶ 29;  Docket No. 54, Amended Complaint, ¶ 54.)

- "[P]laintiffs' concern is with Central States' refusal to make any accommodation—including self-contributions—that would permit plaintiffs to continue to accrue seniority in the Central States plan."  (Docket No. 29, Pl. Memo. Opp. at 4.)

- "The burden of the claim is that Central States' decision to terminate its ongoing relationship with Gopher News instead of maintaining that relationship and collecting amounts due from Gopher News constituted a breach of fiduciary duty owed to plaintiffs because it prevented plaintiffs from continuing to accrue seniority in the Central States plan." (*Id.* at 10.)

Finally, in their surreply to this motion, plaintiffs state, "At this stage of the litigation, plaintiffs take no position on whether Central States' 'adverse selection rule' was properly invoked."  (Docket No. 49, Pl. Surreply at 11.)  At the hearing on this motion, the Court requested that the parties clearly identify Central States' alleged breaching act.  The parties' responses did not clarify this issue.  Plaintiffs, however, claimed that this ambiguity is the result of their inability to complete discovery.  In particular, plaintiffs point to a newly discovered e-mail that suggests that in the past, Central States may have pursued other options aside from termination when employer-participants violated the adverse selection rule.  (*See* Ex. A.)  Without additional discovery, plaintiffs argue, they are unable to identify the precise breaching act.

The Court finds that the breaching act has yet to be clearly identified. The act may be Central States' termination of Gopher News's participation in the Fund, Central States' failure to provide accommodations to plaintiffs after Gopher News's termination, or some other combination of or variation on these acts or omissions. Where the identification of the act may determine which standard of review the Court will apply, and because the current identification of that act is ambiguous, summary judgment is not appropriate at this time.[3]

### D.     Additional Discovery is Warranted Here

The Court has discretion to determine whether the parties have had adequate time to engage in discovery such that a claim is "ripe for summary judgment." *Stanback v. Best Diversified Prods., Inc.*, 180 F.3d 903, 910 (8th Cir. 1999). Discovery in this case should develop a factual record that shows that Central States trustees either acted appropriately as fiduciaries or violated their duties to plaintiffs. Even if the Court were to apply the arbitrary-and-capricious standard of review, plaintiffs have not yet had a fair opportunity to discover all facts that are relevant to its fiduciary duty claim.

---

[3] The Court notes that under either proposed standard of review, plaintiffs may have difficulty succeeding on the merits of their claim against Central States. Despite their inability to settle on a single, defined breaching act, it seems that the core of plaintiffs' arguments is that Central States could have provided other options to plaintiffs to permit them to continue to accrue seniority up to the thirty-year benefit cliff. Although the parties have presented extensive arguments regarding Central States' alternatives to Gopher News's termination, the trust agreement language may weigh against the argument that Central States could have sued Gopher News for future contributions or permitted plaintiffs to make self-contributions. Ultimate disposition on these arguments, however, should be postponed until the Court is prepared to decide which standard of review to apply.

Plaintiffs argue that at a minimum, they are entitled to conduct discovery relating to, *inter alia*, the basis for Central States' termination decision; the facts and advice given to decision-makers; an accounting of contributions and/or premiums paid on behalf of Gopher News employees to Central States; whether Central States has permitted other participants to "self-contribute" in the past; and the history of the trustees' exercise of discretion to induce an employer's continued participation in the Fund, notwithstanding a violation of the adverse selection rule.  (Docket No. 29, at 10.)  At the hearing, plaintiffs also introduced an e-mail by Central States' general counsel suggesting that Central States historically may have pursued other options against a participating employer, outside of termination, when Central States became aware of that employer's violation of the adverse selection rule.  Plaintiffs argue that they should have the opportunity to conduct additional fact discovery regarding the issues raised by this e-mail.

Central States responds that plaintiffs' requested discovery involves materials that they already have, such as minutes from the trustees' meeting in which the termination decision was made, or materials that are irrelevant to plaintiffs' claims.  Further, Central States argued at the hearing that the e-mail introduced by plaintiffs merely references a prior situation in which there was some confusion about the circumstances of an employer's violation of the adverse selections rule, which eventually resulted in Central States' decision to terminate that employer's participation in the Fund.

Although plaintiffs did not file an affidavit in accordance with Federal Rule of Civil Procedure 56(f), this failure is not fatal to plaintiffs' opposition to the motion. Plaintiffs have identified in their briefs the discovery that they seek, why that information

-11-

is relevant to Central States' motion for summary judgment, and why they have been limited in their opportunity to obtain discovery. *See, e.g.*, *Mogyrossy v. Comfort Inn*, 173 F.R.D. 134, 137-38 (E.D. Pa. 1997) ("[E]ven though the plaintiffs have not filed an affidavit, they have identified information that has yet to be discovered, shown that this information will affect summary judgment, and shown why the discovery has not previously been obtained.").

In sum, the stakes in this case are high: plaintiffs would collectively gain over $2 million in benefits if they were permitted to accrue seniority up to a thirty-year benefit mark. Moreover, it is unclear which act or acts are alleged to have breached Central States' fiduciary duty. The discovery sought by plaintiffs may clarify this issue and, as a result, the Court denies Central States' motion without prejudice.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Central States, Southeast and Southwest Areas Pension Fund's Motion for Summary Judgment [Docket No. 24] is **DENIED without prejudice**.

DATED: February 5, 2009             _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                                    United States District Judge