# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| STEVEN GERHARDSON, RON HANEK, MIKE JOHNSON, and JIM COSTELLO, | Civil No. 08-537 (JRT/JJG) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GOPHER NEWS'S MOTION TO DISMISS COUNT IV** |
| GOPHER NEWS COMPANY; CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and LOCAL NO. 638 OF THE MISCELLANEOUS DRIVERS, HELPER & WAREHOUSEMEN'S UNION, | |
| Defendants. | |

Johanna J. Raimond, **LAW OFFICES OF JOHANNA J. RAIMOND, LTD.**, 321 South Plymouth Court, Suite 1515, Chicago, IL 60604; and Jordan M. Lewis and Wood R. Foster, Jr., **SIEGEL BRILL GREUPNER DUFFY & FOSTER, P.A.**, 1300 Washington Square, 100 Washington Avenue South, Minneapolis, MN 55401, for plaintiffs.

James D. Kremer and Michael Iwan, **DORSEY AND WHITNEY, LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498, for defendant Gopher News Company.

Albert M. Madden and Anthony E. Napoli, **CENTRAL STATES, SOUTHEAST & SOUTHWEST AREAS PENSION AND HEALTH AND WELFARE FUNDS**, 9377 West Higgins Road, Rosemont, IL 60018-4938; and Daniel M. White, **ROBINS KAPLAN MILLER AND CIRESI, LLP**, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402-2015, for defendant Central States, Southeast and Southwest Areas Pension Fund.

Carol A. Baldwin and Roger A. Jensen, **JENSEN BELL CONVERSE & ERICKSON, P.A.**, 30 East Seventh Street, Suite 1500, St. Paul, MN

55101, for defendant Local No. 638 of the Miscellaneous Drivers, Helper & Warehousemen's Union.

This case is before the Court on defendant Gopher News Company's ("Gopher News") motion to dismiss Count IV of plaintiffs Steven Gerhardson, Ron Hanek, Mike Johnson, and Jim Costello's (collectively, "plaintiffs") Amended Complaint for failure to state a claim. For the reasons set forth below, Gopher News's motion is granted.

## BACKGROUND

Plaintiffs are employed by defendant Gopher News as delivery drivers, and are the most senior employees at Gopher News. Gopher News is a periodicals distribution company and a participant in a pension fund managed by defendant Central States, Southeast and Southwest Areas Pension Fund ("Central States"). The Central States Pension Fund (the "Fund") is a multiemployer pension plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Act of 1980 ("MPPAA"). 29 U.S.C. §§ 1301 *et seq*. Plaintiffs, by way of collective bargaining agreements negotiated between defendant Teamsters Local 638 and Gopher News, are beneficiaries of the Central States pension plan.

Plaintiffs allege that in November 2006 Central States determined that Gopher News was in violation of an "adverse selection" rule outlined in the trust agreement governing Gopher News's participation in the Fund. The adverse selection rule prohibits an employer from entering into a collective bargaining agreement in which only some employees participate in the Fund. Specifically, Central States concluded that Gopher

News "warehouse driver" employees were participating in an employer-sponsored 401(k) retirement plan in violation of the adverse selection rule. Consequently, Central States terminated Gopher News's participation in the Fund. As a result of the termination, plaintiffs are barred from accruing seniority with the Fund up to the thirty-years-of-service threshold, preventing them from being awarded significant retirement-benefit enhancements aggregating $1.7 million dollars. Plaintiffs' lone option to reclaim the opportunity to achieve the thirty-year mark is to quit their jobs at Gopher News and seek employment with another employer that participates in the Fund.

On August 29, 2008, Magistrate Judge Jeffrey J. Keyes granted plaintiffs' motion for leave to file a four-count Amended Complaint. Only Count IV of the Amended Complaint is presently at issue. In Count IV, plaintiffs allege that Gopher News is liable under 29 U.S.C. § 1451 of ERISA for violating the adverse selection rule in the trust agreement and thereby forcing Central States to terminate Gopher News's participation in the Fund. Gopher News now moves to dismiss Count IV under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

### I.  STANDARD OF REVIEW

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to plaintiff, the non-moving party. *See, e.g., Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.,* 270 F.3d 637, 638 (8th Cir. 2001). To survive

a motion to dismiss, however, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, a plaintiff must state "a claim to relief that is plausible on its face." *Id.* at 1974.

## II.    29 U.S.C. § 1451

### A.    Standing

Under a subheading titled "Persons entitled to maintain actions," 29 U.S.C. § 1451(a)(1) provides that "[a] plan fiduciary, employer, plan participant, or beneficiary, who is adversely affected by the act or omission of any party under this subtitle with respect to a multiemployer plan . . . may bring an action for appropriate legal or equitable relief, or both." For the purposes of § 1451, the "subtitle" refers to Subtitle E, "Special Provisions for Multiemployer Plans," which includes 29 U.S.C. §§ 1381-1453. *Steiner Elec. Co. v. Cent. States, Se. and Sw. Areas Pension Fund*, No. 95 C 687, 1995 WL 399517, at *6 (N.D. Ill. June 29, 1995) ("In other words, section 1451 creates a private cause of action only for violation of sections 1381 through 1453.").

In Count IV, plaintiffs assert a claim under § 1451, alleging:

Plaintiffs' claims arise under Subtitle E, and thus may be redressed through a claim brought under § 1451. Plaintiffs' claim arises out of Gopher News's expulsion from the Central States multiemployer pension plan. Expulsion qualifies as a "complete withdrawal" from a multiemployer plan, which is defined in Subtitle E as occurring when an employer "permanently ceases to have an obligation to contribute under a plan" or "permanently ceases all covered operations under the plan." 29 U.S.C. § 1383(a). . . . Because plaintiffs assert that they have been adversely affected by expulsion, they have a *prima facie* claim authorized by § 1451.

(Am. Compl., Docket No. 54, ¶¶ 49-50.)

In short, plaintiffs assert that they have properly stated a claim for relief under § 1451 because they alleged that they were (1) "adversely affected" (2) by Gopher News's "act or omission" (i.e., its complete withdrawal from the Fund), and (3) that the "act or omission" arises under Subtitle E.  Gopher News responds that the claim must be dismissed because § 1451 is merely a standing provision and does not establish an independent ERISA cause of action.

The United States Supreme Court addressed this issue in *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of California*, holding:

> [Section] 1451(a)(1) does not "provide a cause of action in the air for **any** adverse effect on multiemployer pension funds."  Section 1451 prescribes a variety of procedures for the governance of civil actions brought to enforce the [Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA" or the "Act")].  Subsection (a), headed "[p]ersons entitled to maintain actions," answers only a "standing" question—**who** may sue for a violation of the obligations established by the Act's substantive provisions.  Subsection (a)(1) extends judicial remedies for violation of the MPPAA to a broad range of plaintiffs—any "plan fiduciary, employer, plan participant, or beneficiary, who is adversely affected."  But that provision does not make an "adverse effect" unlawful *per se . . . .*

522 U.S. 192, 203 (1997) (emphasis original).

Thus, *Bay Area* confirms that § 1451 only provides a party standing to sue when they are adversely affected by a party's act or omission under Subtitle E.  Moreover, because adverse effects are not unlawful *per se*, plaintiffs must plead that they were adversely affected by some violation of a substantive provision in Subtitle E.  The Court considers whether plaintiffs have adequately alleged such a violation below.

**B.** **Violation of Subtitle E**

       **1.** **Complete withdrawal**

Plaintiffs summarize their claim under § 1451 as follows:

> In sum . . . expulsion [from the Central States multiemployer pension plan] constitutes complete withdrawal, which is covered under § 1383; and § 1383 falls within Subtitle E. Because plaintiffs assert they have been adversely affected by expulsion, they have a *prima facie* claim authorized by § 1451. Thus, the statute covers the events surrounding Gopher News's expulsion from the Central States multiemployer pension.

(Am. Compl., Docket No. 54, ¶ 50.)

29 U.S.C. § 1383, which is found in Subtitle E, states that "[**f]or the purposes of this part**, a complete withdrawal from a multiemployer plan occurs when an employer . . . permanently ceases to have an obligation to contribute under the plan." 29 U.S.C. § 1383(a)(1) (emphasis added). The "part" to which § 1383 refers is Part 1 of Subtitle E, which is entitled "Employer Withdrawals." Part 1 begins with 29 U.S.C. § 1381, which states that "[i]f an employer withdraws from a multiemployer plan in a **complete withdrawal** or a partial withdrawal, then the employer is liable **to the plan**." 29 U.S.C. § 1381(a) (emphasis added) (noting further that "[t]he term 'complete withdrawal' means a complete withdrawal described in section 1383 of this title").

Plaintiffs allege that "expulsion [of an employer] qualifies as a 'complete withdrawal' from a multiemployer plan." (Am. Compl., Docket No. 54, ¶ 49.) Plaintiffs then cite two unreported cases, *Borntrager v. Central States, Southeast and Southwest Areas Pension Fund* and *Fort Transfer Co., Inc. v. Central States, Southeast and Southwest Areas Pension Fund*, for the proposition that they have properly identified an

"act" under Subtitle E—Gopher News's complete withdrawal as defined by § 1383—and that plaintiffs have therefore properly stated a claim under § 1451. *See Borntrager v. Cent. States, Se. and Sw. Areas Pension Fund*, No. C02-0139, 2003 WL 22251407, at \*2 (N.D. Iowa July 2, 2003); *see also Fort Transfer Co., Inc. v. Cent. States Se. and Sw. Areas Pension Fund*, No. 06 C 3529, 2007 WL 707545, at \*3 (N.D. Ill. March 2, 2007) (quoting *Borntrager*, 2003 WL 22251407, at \*2).

In *Borntrager*, the individual beneficiary-plaintiffs alleged that defendant Central States wrongfully expelled the plaintiffs' employer from the Central States pension fund, which they further alleged constituted a "complete withdrawal" from the plan by the employer. In addressing Central States' motion to dismiss for lack of subject matter jurisdiction, the *Borntrager* court held:

> Because a complete withdrawal is covered under § 1383 and § 1383 falls within subtitle E under § 1451, and because the plaintiffs argue they have been adversely affected by the expulsion, the plaintiffs may bring an action for relief under § 1451. Therefore, there is subject matter jurisdiction in this case.

*Borntrager*, 2003 WL 22251407, at \*2.

*Borntrager*, however, does not directly support plaintiffs' position here. *Borntrager* only addressed whether the court had subject matter jurisdiction over the plaintiffs' claims in light of a Rule 12(b)(1) challenge to subject matter jurisdiction. *Fort Transfer*, which addressed a nearly identical legal question, echoed the *Borntrager* limitation, stating, "This court agrees with the analysis of the district court in *Borntrager* with regard to its conclusion that a federal court does, in fact, have subject matter jurisdiction." *Fort Transfer*, 2007 WL 707545, at \*3.

Moreover, the *Borntrager* and *Fort Transfer* courts never reached conclusions about whether the plaintiffs in those cases properly alleged a claim to survive a Rule 12(b)(6) motion to dismiss. Rather, *Borntrager* and *Fort Transfer* came to the unremarkable conclusions that § 1451 provides standing for acts or omissions under Subtitle E and that § 1383 is in Subtitle E. Neither case **explicitly** holds that § 1383 is a substantive provision in Subtitle E, the violation of which could give rise to a cause of action under § 1451.

To the extent that *Borntrager*'s or *Fort Transfer*'s holdings **imply** that merely alleging that there was a "complete withdrawal" under § 1383 is adequate to state a claim for relief, this Court declines to follow those cases. Indeed, an independent review of §§ 1381 and 1383 demonstrates that merely alleging that there was a "complete withdrawal" is insufficient by itself to establish a substantive violation of Subtitle E by an employer. Section 1383 merely defines the term "complete withdrawal" as that term is used in § 1381, which holds an employer liable to a multiemployer pension plan if an employer withdraws from that plan. However, "an employer does not violate the MPPAA simply by exiting the plan. The Act takes as a given that employers may withdraw." *Bay Area Laundry*, 522 U.S. at 201.

Further, even if the Court construes the reference to § 1383 in the Amended Complaint as an attempt to bring a claim under § 1381, plaintiffs have not stated an actionable claim. Under § 1381, an "employer is liable to **the plan** in the amount determined under this part to be the withdrawal liability." 29 U.S.C. § 1381(a)(1) (emphasis added). Thus, although § 1451 provides a cause of action by a "plan fiduciary,

employer, plan participant, or beneficiary," § 1381 clearly limits recovery for withdrawal liability to pension plans.[1]

### 2. Violation of the plan's adverse selection rule

Plaintiffs contend that beyond Gopher News's "complete withdrawal" from the pension plan, they have properly alleged two acts or omissions that "in aggregate" forced Central States to expel Gopher News and give rise to a claim under § 1451: "Gopher News's breach of contract with Central States through its violation of the adverse selection rule, and further its failure to disclose that breach." (Pl.'s Mem. in Opp'n to Gopher News's Motion to Dismiss, Docket No. 66, at 9.) Plaintiffs, however, fail to link Gopher News's alleged action or inaction to a substantive violation in Subtitle E.

Plaintiffs cite to *Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Service, Inc.*, 870 F.2d 1148 (7th Cir. 1989), for the argument that they have properly pleaded an ERISA claim based on Gopher News's violation of Central States' trust agreement's adverse selection rule. Specifically, the Seventh Circuit held in *Gerber Truck* that "Section 515 of ERISA requires employers to comply with the terms of their agreements to make contributions to [pension funds]." *Id.* at 1153. The Court is not persuaded, however, that *Gerber Truck* is relevant to the present legal question.

As an initial matter, *Gerber Truck* is inapposite because the alleged breach of the trust agreement in this case is not a failure to make contributions to the Fund. Rather, the

---

[1] Notably, *Borntrager* and *Fort Transfer* considered claims made by employees against Central States, not their employer, which is the case here.

alleged breach is Gopher News's violation of the adverse selection rule.  Further, although *Gerber Truck* indentifies an "act" that violates ERISA, Section 515 is not found in Subtitle E and § 1451 therefore does not grant plaintiffs standing for violation of that provision.

In sum, plaintiffs have not identified an act that could be reasonably construed to violate a substantive provision in Subtitle E.  Plaintiffs have therefore failed to state a claim on which relief may be granted and Count IV of their Amended Complaint must be dismissed.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Gopher News' Motion to Dismiss Count IV [Docket No. 56] is **GRANTED** and Count IV of plaintiffs' Amended Complaint [Docket No. 54] is **DISMISSED WITH PREJUDICE.**

DATED:  September 30, 2009
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge