# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| STEVEN GERHARDSON, RON HANEK, MIKE JOHNSON, and JIM COSTELLO,<br><br>Plaintiffs,<br><br>v.<br><br>GOPHER NEWS COMPANY; CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and LOCAL NO. 638 OF THE MISCELLANEOUS DRIVERS, HELPER & WAREHOUSEMEN'S UNION (INTERNATIONAL BROTHERHOOD OF TEAMSTERS),<br><br>Defendants. | Civil No. 08-537 (JRT/JJK)<br><br><br><br>**ORDER DENYING MOTIONS TO CERTIFY INTERLOCUTORY APPEALS** |

Johanna J. Raimond, **LAW OFFICES OF JOHANNA J. RAIMOND LTD**, 321 South Plymouth Court, Suite 1515, Chicago, IL 60604; Jordan M. Lewis and Wood R. Foster, Jr., **SIEGEL BRILL GREUPNER DUFFY & FOSTER, PA**, 1300 Washington Square, 100 Washington Avenue South, Minneapolis, MN 55401, for plaintiffs.

Anthony E. Napoli and Albert M. Madden, **CENTRAL STATES SE & SW AREAS PENSION AND HEALTH AND WELFARE FUNDS**, 9377 West Higgins Road, Suite 1000, Rosemont, IL 60018-4938; Jennifer G. Daugherty, **ROBINS KAPLAN MILLER & CIRESI LLP**, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402, for defendant Central States.

James D. Kremer and Christopher Amundsen, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498, for defendant Gopher News Co.

Roger A. Jensen and Justin D. Cummins, **MILLER O'BRIEN CUMMINS, PLLP**, 120 South Sixth Street, Suite 2400, Minneapolis, MN 55402, for defendant Local No. 638.

Steven Gerhardson, Ron Hanek, Mike Johnson, and Jim Costello (collectively, "plaintiffs") are delivery drivers for Gopher News Company ("Gopher News") and members of Local No. 638 of the Miscellaneous Drivers, Helper & Warehousemen's Union ("Local 638"). In early 2007, Central States, Southeast and Southwest Areas Pension Fund ("Central States"), Gopher News' multiemployer pension plan, expelled Gopher News from the plan for violating the plan's "adverse selection" rule. Plaintiffs brought an action against Local 638, Gopher News, and Central States for breach of the duty of fair representation, breach of the collective bargaining agreement, and breach of fiduciary duty. (Am. Compl., Docket No. 54.) Gopher News and Local 638 brought cross-claims against each other for fraud and indemnification. (Docket Nos. 18, 65.) On March 31, 2011, this Court issued an order granting Central States, Local 638, and Gopher News' motions for summary judgment as to Counts 1, 2, and 3 of plaintiffs' Amended Complaint, effectively dismissing all of plaintiffs' claims. (Docket No. 178.) The Court also denied Gopher News and Local 638's cross-motions for summary judgment on Gopher News' cross-claims against Local 638. (*Id.*)

Plaintiffs and Local 638 have filed motions asking the Court to certify separate issues for interlocutory appeal under 28 U.S.C. § 1292(b) and to certify the ruling as a final judgment under Federal Rule of Civil Procedure 54(b). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

A party seeking an interlocutory appeal must therefore establish that (1) there is a controlling question of law, (2) there is a substantial ground for difference of opinion as to that controlling question of law, and (3) an immediate appeal may materially advance the ultimate termination of litigation.  *Fenton v. Farmers Ins. Exch.*, No. 07-4864, 2010 WL 1006523, at *1 (D. Minn. Mar. 16, 2010).  A motion for certification of interlocutory appeal "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted."  *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994); *see also Union County v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008) (interlocutory review is appropriate only in extraordinary cases).  Rule 54(b) provides that when an action includes more than one claim for relief, the court may direct entry of a final judgment as to one or more, but fewer than all, claims if the court "expressly determines that there is no just reason for delay."  Such certification should "be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."  *Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 774 (8th Cir. 2009).

Plaintiffs state their question for appeal under §1292(b) as follows: "Should the statute of limitations be tolled during the pendency of the trial court's consideration of an intervenor's motion for leave to file a complaint-in-intervention where leave is denied?" (Docket No. 190.)  Plaintiffs argue that an analogue for purposes of analysis of the tolling issue is the class action rule that filing a class action complaint tolls the statute of limitations for all purported members of the class who make timely motions to intervene after the court has found the case inappropriate for class action status, and that "there is

no . . . sensible[] reason why this rule applies to class action proceedings but not to motions to intervene." (*Id.*); *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974). This motion is the first time plaintiffs have raised the theory of applying tolling as it is used in class action cases, however, despite having every opportunity to do so at the summary judgment stage. "It is old and well-settled law that issues not raised in the trial court cannot be considered by th[e appellate] court as a basis for reversal." *Campbell v. Davol, Inc.*, 620 F.3d 887, 891 (8th Cir. 2010) (internal quotation marks omitted). Accordingly, the Eighth Circuit will likely consider this argument waived, and the Court's granting an interlocutory appeal will therefore not advance the ultimate termination of this litigation. In addition, plaintiffs have offered no explanation as to how certification of their question **would** materially advance the ultimate termination of this litigation.

Moreover, though the tolling issue is a controlling question of law, the Court finds that there is no substantial ground for difference of opinion as to this matter. Specifically, in its March 31, 2011 Order, the Court found that

> [g]iven Eighth Circuit precedent regarding the effect of the granting of a motion to dismiss without prejudice (which does not toll the statute of limitations), the Court cannot construe [Plaintiffs'] failed motion to intervene to have a tolling effect on the present litigation.

(Order at 11.) Circuit precedent law clearly dictated the Court's determination that the statute of limitations was not tolled, and plaintiffs' new argument that the statute should be tolled based on principles applicable to class actions cannot now be raised. Because plaintiffs have failed to sustain their burden of establishing that their interlocutory appeal provides substantial ground for difference of opinion and will advance the ultimate

termination of this litigation, the Court denies plaintiffs' request to certify an issue for interlocutory appeal.  Further, because the Court finds no injustice will occur due to a delay in in plaintiffs' ability to appeal, the Court denies plaintiffs' request to certify the ruling as a final judgment under Rule 54(b).

Local 638's motion relates to whether *Garmon* preemption applies.  *See San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236, 245 (1959).  This issue was the subject of a letter requesting leave to file a motion for reconsideration, which this Court granted on July 1, 2011.  (Docket No. 199.)  Because Local 638 will now have an opportunity to address in this Court the specific issue it seeks to certify to the Court of Appeals, the Court denies its motion as moot.  (Docket No. 181.)

**ORDER**

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Certifying an Issue for Interlocutory Appeal [Docket No. 188] is **DENIED**.

2. Local 638's Motion for Certifying an Issue for Interlocutory Appeal [Docket No. 181] is **DENIED**.

DATED: July 18, 2011  
at Minneapolis, Minnesota.

                                                             s/ John R. Tunheim  
                                                        JOHN R. TUNHEIM  
                                                  United States District Judge