## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| STEVEN GERHARDSON, RON HANEK, MIKE JOHNSON, and JIM COSTELLO, | Civil No. 08-537 (JRT/JJK) |

Plaintiffs,

v.

GOPHER NEWS COMPANY;
CENTRAL STATES, SOUTHEAST AND
SOUTHWEST AREAS PENSION FUND;
and LOCAL NO. 638 OF THE
MISCELLANEOUS DRIVERS, HELPER
& WAREHOUSEMEN'S UNION
(INTERNATIONAL BROTHERHOOD
OF TEAMSTERS),

**MEMORANDUM OPINION AND
ORDER UPON RECONSIDERATION
OF PREVIOUS ORDER**

Defendants.

Johanna J. Raimond, **LAW OFFICES OF JOHANNA J. RAIMOND LTD**, 321 South Plymouth Court, Suite 1515, Chicago, IL 60604; Jordan M. Lewis and Wood R. Foster, Jr., **SIEGEL BRILL, PA**, 1300 Washington Square, 100 Washington Avenue South, Minneapolis, MN 55401, for plaintiffs.

Anthony E. Napoli and Albert M. Madden, **CENTRAL STATES SE & SW AREAS PENSION AND HEALTH AND WELFARE FUNDS**, 9377 West Higgins Road, Suite 1000, Rosemont, IL 60018-4938; Jennifer G. Daugherty, **ROBINS KAPLAN MILLER & CIRESI LLP**, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402, for defendant Central States, Southeast and Southwest Areas Pension Fund.

James D. Kremer, Christopher Amundsen, and Douglas R. Christensen, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498, for defendant Gopher News Co.

Roger A. Jensen and Justin D. Cummins, **MILLER O'BRIEN CUMMINS, PLLP**, 120 South Sixth Street, Suite 2400, Minneapolis, MN 55402, for defendant Local No. 638.

Defendant Local No. 638 of the Miscellaneous Drivers, Helper & Warehousemen's Union ("Local 638") moves this Court to reconsider the Court's denial of its motion for summary judgment on Gopher News Company's ("Gopher") cross-claims. The Court originally found it had jurisdiction over the cross-claims due to plaintiffs' asserted contractual violation. However, in the same Order, the Court dismissed the contract violation claim due to plaintiffs' failure to file within the statute of limitations period. Therefore, the Court's original basis for jurisdiction over the cross-claim was negated by the dismissal. On reconsideration, the Court finds it has no jurisdiction over Gopher's cross-claims due to *Garmon* pre-emption and dismisses the claim.

## BACKGROUND

Steven Gerhardson, Ron Hanek, Mike Johnson, and Jim Costello (collectively, "plaintiffs") are delivery drivers for Gopher and members of Local No. 638. In early 2007, Central States, Southeast and Southwest Areas Pension Fund ("Central States"), Gopher's multiemployer pension plan, expelled Gopher from the plan for violating the plan's "adverse selection" rule. Plaintiffs brought an action against Local 638, Gopher, and Central States for breach of the duty of fair representation, breach of the collective bargaining agreement, and breach of fiduciary duty. (Am. Compl., Docket No. 54.) Gopher and Local 638 brought cross-claims against each other for fraud and indemnification. (Docket Nos. 18, 65.) On March 31, 2011, this Court issued an Order granting Central States, Local 638, and Gopher's motions for summary judgment as to

Counts 1, 2, and 3 of plaintiffs' Amended Complaint, effectively dismissing all of plaintiffs' claims. (Docket No. 178 ("Order").) In the same Order, the Court denied Gopher and Local 638's cross-motions for summary judgment on Gopher's cross-claims against Local 638. (*Id.*) Local 638 requested leave to file a motion to reconsider its motion for summary judgment on the cross-claims, which this Court granted. The precise question for reconsideration is whether the Order, dismissing plaintiffs' breach of contract claim over which this Court had jurisdiction pursuant to § 301 of the Labor Relations Management Act ("LMRA"), 29 U.S.C. § 185(a), stripped this Court of jurisdiction over Gopher's cross-claims against Local 638. (*See* Order, Docket No. 178.)

## ANALYSIS

### I.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) allows a court "to correct manifest errors of law . . . .  Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted). Here, the request for reconsideration regards the denial of a motion for summary judgment – an order that is not usually appealable as it is interlocutory. *Rehrs v. Iams Co.*, 486 F.3d 353, 355 n.3 (8th Cir. 2007) (citing *Wright v. S. Ark. Reg. Health Ctr., Inc.*, 800 F.2d 199, 202 (8th Cir. 1986)). "The district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir. 1995).

Furthermore, a Court must always address jurisdictional deficiencies no matter when they present themselves in the timeline of a case.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that is lacks subject-matter jurisdiction, the court must dismiss the action.").  The issue before the Court is whether the Court improperly determined that *Garmon* pre-emption did not apply to Gopher's cross-claims, thereby conferring upon the Court subject-matter jurisdiction.  This issue was more fully briefed by the parties in their moving papers, and upon reconsideration, the Court determines that its previous determination was incorrect.

## II.  *GARMON* PRE-EMPTION

The intent of Congress in passing the nation's labor laws, including the LMRA was to

> protect[] the collective-bargaining activities of employees and their representatives and create[] a regulatory scheme to be administered by an independent agency which would develop experience and expertise in the labor relations area.  The [Supreme] Court promptly decided that the federal agency's power to implement the policies of the new legislation was exclusive . . . .  The interest in **uniform development of the new national labor policy** required that matters which fell squarely within the regulatory jurisdiction of the [National Labor Relations Board ("Board")] be evaluated in the first instance by that agency.

*Sears, Roebuck & Co. v. San Diego Cnty. Dist. Council of Carpenters*, 436 U.S. 180, 191 (1978) (emphasis added).  As a result, pre-emption often bars a federal court from hearing a case or claim in deference to the Board's exclusive jurisdiction.  "[P]reemption is an important tool to effectuate labor policies.  If preemption were not available, a

fundamental purpose underlying federal labor law and its uniform policies would be invalidated . . . ." *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 872 (7th Cir. 1998).

In its motion for summary judgment, Local 638 argued the Court had no jurisdiction over the cross-claim under the *Garmon* standard of pre-emption. *Garmon* pre-emption confers exclusive primary jurisdiction to the Board over claims that "arguably" constitute an unfair labor practice. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959). Gopher's cross-claim essentially alleges Local 638 committed fraud in the collective bargaining process by not disclosing the terms of the pension. (*See* First Am. Answer, Countercl. and Cross-cl., Counts I-IV, Docket No. 15.) An allegation of fraud during collective bargaining is considered an unfair labor practice and therefore within the exclusive jurisdiction of the NLRB under *Garmon*. *See Rozay's Transfer v. Local Freight Drivers, Local 208*, 850 F.2d 1321, 1325-26 (9th Cir. 1988) ("Because the union's nondisclosure is arguably an unfair labor practice, insofar as it constituted a failure to bargain in good faith, the . . . district court was deprived of jurisdiction by the *Garmon* preemption doctrine.").

However, Gopher argued that the Court had concurrent jurisdiction under the carve out principle of § 301. *See id.* at 1325. Section 301 gives a federal court jurisdiction to hear claims of a violation of a contract between an employer and a labor organization. 29 U.S.C. § 185(a). Under the carve out, a federal court has concurrent jurisdiction over "cases involving conduct that is **both** an unfair labor practice and a violation of a collective bargaining agreement . . . ." *Rozay's Transfer*, 850 F.2d at 1326 (emphasis added). In the instant case, as the plaintiffs had asserted a contractual

violation, the Court found it had jurisdiction "to adjudicate related issues of contract validity such as fraud." (Order at 16, Docket No. 178 (citing *Trustees of the Twin Cities Bricklayers Fringe Benefit Funds v. Superior Waterproofing, Inc.*, 450 F.3d 324, 330 (8th Cir. 2006).)

On reconsideration, Local 638 points to the United States Supreme Court decision in *Textron Lycoming Reciprocating Engine Div., Avco Corp. v. UAW*, 523 U.S. 653 (1998). The *Textron* Court considered the jurisdictional status of claims that, standing alone, would not confer federal jurisdiction in the absence of a plaintiff asserting a contractual violation; at issue in *Textron* was a declaratory judgment, with a contract violation the anticipated defense. *Id.* at 655. The *Textron* Court described § 301 as "erect[ing] a gateway through which parties may pass into federal court; once they have entered, it does not restrict the legal landscape they may traverse." *Id.* at 658. Therefore, if a plaintiff alleges violation of a labor contract, a federal court may hear, for example, an affirmative defense alleging the contract is invalid due to unfair labor practices committed in the signing. *Id.* at 658. The Court found that anticipated defenses did not suffice to confer jurisdiction. *Id.* at 659-60. As a result of this pleading deficiency, the matter fell under the exclusive jurisdiction of the Board. *Id.* at 661-62.

In the instant case, the plaintiffs alleged a contract violation, therefore the parties passed through *Textron*'s gateway and the remainder of the *Textron* Court's reasoning is unavailing. However, when the Court dismissed the contract claim as untimely, the jurisdictional landscape of the case changed. The dismissal of plaintiffs' contract claim divested the Court of the jurisdiction to hear the claims over which Congress clearly

intended the Board to have exclusive jurisdiction – unfair labor practices.  *See Garmon*, 359 U.S. at 245.  The Supreme Court has articulated two limited exceptions to *Garmon* pre-emption: where the activity is only of peripheral concern to the NLRA or for conduct that "touches interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, [the court] could not infer that Congress had deprived the States of the power to act."  *U.S.W. v. St. Gabriel's Hosp.*, 871 F. Supp. 335, 340 (D. Minn. 1994) (alteration in original) (citations omitted).  An allegation of an unfair labor practice does not fit these limited exceptions.   As a result, federal "courts are not primary tribunals to adjudicate such issues.  It is essential to the administration of the [LMRA] that these determinations be left in the first instance to the . . . Board."  *Garmon*, 359 U.S. at 244-45.

Gopher argues that even if the dismissal strips the Court of jurisdiction over the cross-claim, the Court has discretion to keep the cross-claim, similar to the discretion conferred over state law matters under 28 U.S.C. § 1367.  *See McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009).  The Court disagrees.  Congress' intent in creating the Board and granting it exclusive jurisdiction was to consolidate certain types of claims for the purpose of creating a uniform national labor policy.  *Sears, Roebuck & Co.*, 436 U.S. at 191.  This goal is a greater purpose than judicial economy, at the heart of § 1367's permissive standard for federal jurisdiction.  Gopher has pointed to no case, and the Court is not independently aware of any, where a court dismissed the § 301 claim but maintained other claims under the carve out principle.  Most of the § 1367 cases on which Gopher relies involve cases where the federal court decided both federal and state

claims **at the same time**, rather than dismissing the federal claims and maintaining the state claims for future proceedings. *See Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1248 (8th Cir. 2006); *Hemmingsen v. Messerli & Kramer, P.A.*, No. 09-1384, 2011 WL 494941, at *3 n.3 (D. Minn. Feb. 7, 2011).

As a result, the Court can find no basis to conclude that a federal court has the same kind of discretion under the § 301 carve out as it does over supplemental state claims under § 1367.  Further, even if it did have such discretion, the Court declines to exercise it since the entirety of plaintiffs' complaint has been dismissed.[1]  Therefore, the Court now dismisses the cross-claim.

## ORDER

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Defendant Local 638's Motion to Reconsider [Docket No. 200] is **GRANTED**.

2.     Item Number 2 of the Court's Order dated March 31, 2011 [Docket No. 178] granting in part and denying in part Local 638's Motion for Summary Judgment [Docket No. 107] is **VACATED**.

3.     Local 638's Motion for Summary Judgment [Docket No. 107] is **GRANTED**.  Defendant Gopher News Company's cross-claims against Local 638 [Docket No. 9] are **DISMISSED**.

---

[1]  As a result, Local 638's cross-claim for indemnification and/or contribution is

      4.     Local 638's Cross-claim against Gopher News Company [Docket No. 11] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED:  August 29, 2011
at Minneapolis, Minnesota.

                              s/ John R. Tunheim
                           JOHN R. TUNHEIM
                        United States District Judge